NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERIOR MOTIVES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOANNA SALVATORE and ABC COMPANIES 1–5, <br><br> Defendants. | Civ. No. 20-5178 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction filed by Plaintiff Interior Motives, Inc. ("Plaintiff"). (ECF No. 1-1.) The Court has decided this Motion based upon Plaintiff's written submissions and a telephonic hearing. For the reasons stated herein, Plaintiff's Motion is granted to the extent that it requests a TRO. The Court's accompanying Order also requires Defendant Joanna Salvatore ("Defendant") to show cause as to why the Court should not issue a preliminary injunction.

## **BACKGROUND**

The Court assumes that the parties are familiar with the facts in this case and only repeats facts to the extent that they pertain to the present Motion. On April 28, 2020, Plaintiff filed the Complaint (ECF No. 1) and a Motion for a TRO and Preliminary Injunction (ECF No. 1-1). On May 4, 2020, Plaintiff returned an executed Summons. (ECF No. 4.)

On May 7, 2020, the Court held a telephonic hearing on Plaintiff's Motion. Both parties were notified of the hearing and both parties' counsel appeared. Following the hearing, the

1

parties submitted a Consent Order, which the Court approved, requiring: (i) Defendant to refrain from using or disclosing information relating to Plaintiff's clients, prospects, proprietary business processes, and business plans, as well as any other information belonging to Plaintiff (Consent Order ¶ 1(a), ECF No. 5); (ii) that the parties "shall return to each other all . . . property of the other party in their possession, or under their control, including any hard copies of any information that is considered the other party's confidential, proprietary or trade secret information, and all copies thereof whether digital or physical" (*id.* ¶ 2); and (iii) that Defendant shall not remove or dispose of any computer records or devices related to the Complaint (*id.* ¶ 3). The parties also agreed that Plaintiff's forensic expert, Justin Michalski, would take possession of Defendant's external hard drive and personal laptop computer, make "mirror images" of Defendant's external hard drive and laptop, and provide one set of mirror images to each party's counsel for review under an "attorney's eyes only" designation. (*Id.* ¶ 5.)

At approximately 2:30 P.M. on May 7, 2020, Mr. Michalski took possession of Defendant's hard drive and laptop. (Michalski Aff. ¶¶ 3–4, ECF No. 10-1.) Based on a forensic study, Mr. Michalski determined that a second external hard drive and two flash drives had been connected to Defendant's laptop as late as 1:00 P.M. on May 7, 2020. (*Id.* ¶ 7.) He also found that Plaintiff's information had been copied to the second external hard drive. (*Id.*)

On May 11, 2020, at the direction of Plaintiff's counsel, Mr. Michalski appeared at Defendant's residence to take possession of the second hard drive, two flash drives, and a second laptop. (*Id.* ¶ 8.) Based on a second forensic study, Mr. Michalski determined that Defendant had used the second laptop to create an account on OneDrive, a Microsoft cloud-based file storage service. (*Id.* ¶¶ 10–11.) This account can be accessed by any computer using the proper username and password. (*Id.* ¶ 12.) Mr. Michalski also concluded that Defendant had copied

2

Plaintiff's information from the first external hard drive to the first laptop, copied Plaintiff's information from the first or second laptop to the second external hard drive, copied Plaintiff's information from the first or second external hard drive to the second laptop, and copied Plaintiff's information from the second laptop to Defendant's OneDrive account. (*Id.* ¶ 13.) Without Defendant's username and password, Mr. Michalski is unable to determine what has happened to the information stored in Defendant's OneDrive account. (*Id.* ¶ 14.)

On May 20, 2020, Plaintiff filed a letter requesting continued consideration of its Motion for a TRO and Preliminary Injunction. (Letter at 1, ECF No. 10.) Plaintiff's Motion for a TRO and Preliminary Injunction (ECF No. 1-1) is presently before the Court.

## **LEGAL STANDARD**

Under the four-factor test for a TRO or preliminary injunction, plaintiffs must demonstrate:

> (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (citation omitted); *see also Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*, 655 F. Supp. 2d 581, 589 (W.D. Pa. 2009) ("The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate."). "[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)).

**DISCUSSION**

Plaintiff has demonstrated that a temporary restraining order is an appropriate remedy. First, it appears that Plaintiff has demonstrated a reasonable probability of success on its claims alleging (i) misappropriation of Plaintiff's confidential, proprietary, or trade secret information, and (ii) breach of the fiduciary duty of loyalty. (*See* Compl. ¶¶ 48–84.) Second, Plaintiff has demonstrated that the use and dissemination of information regarding Plaintiff's clients, prospects, business processes, and business plans are likely to cause irreparable harm to Plaintiff. (*See* Shallo Aff. ¶¶ 3, 6, ECF No. 1-2 (explaining the advantages of having access to the "Project Folder Template," which allows Plaintiff to "completely streamline[] a project in a way that is unique to a design company the size of [Plaintiff]"; information about Plaintiff's work for repeat clients; and design schemes used in previous projects).) Third, the potential harm to Plaintiff from Defendant's use or dissemination of Plaintiff's confidential and proprietary information outweighs the potential harm to Defendant from being temporarily barred from accessing, using, disseminating, or destroying this information. Finally, the public interest weighs in favor of an order temporarily restraining Defendant from accessing or using information that Plaintiff has reasonably shown is confidential and/or proprietary.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 1-1) is granted to the extent that it seeks a TRO. Pursuant to the Court's accompanying Order, Defendant is required to show cause as to why the Court should not issue a preliminary injunction. An appropriate Order will follow.

Date: <u>May 22, 2020</u>                                  */s/ Anne E. Thompson*
                                                            ANNE E. THOMPSON, U.S.D.J.